[Civ. No. 5345. First Appellate District, Division Two.—April 5, 1926.]

## HARRY G. JENKINS et al., Appellants, v. TIMOTHY A. REARDON et al., Respondents.

[1] MANDAMUS — CONSTRUCTION OF BUILDING IN VIOLATION OF STATE HOUSING ACT—FAILURE TO SHOW BENEFICIAL INTEREST—EXISTENCE OF ADEQUATE REMEDY AT LAW—EVIDENCE.—A writ of mandate to compel the board of public works of a city to take some action to prevent the completion of a building on the ground that it was being constructed in violation of the State Housing Act, in accordance with plans and specifications approved by the board, is properly refused where plaintiffs failed to prove that they were the parties beneficially interested, and that they had no other plain, speedy, or adequate remedy in the ordinary course of law.

[2] ID.—INVASION OF PRIVATE RIGHTS—REMEDIES.—If plaintiffs were parties beneficially interested who claimed that the construction of the building involved some private right, they had their legal remedy by direct action against those constructing the building.

---

(1) 38 C. J., p. 558, n. 74, p. 582, n. 71.    (2) 38 C. J., p. 560, n. 79, p. 841, n. 41.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. M. Anthony for Appellants.

---

1.  See 16 Cal. Jur. 784, 851, 868; 18 R. C. L. 132, 325.

George Lull, City Attorney, John J. O'Toole, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Respondents.

NOURSE, J.—Plaintiffs sued the defendants as members of the Board of Public Works of the City and County of San Francisco for a writ of mandate to compel them to take some action to prevent the completion of a building in process of construction by one Zimmerman. The basis of the action is that the building was being erected on a lot adjoining one owned by the ward of the plaintiffs in accordance with plans and specifications approved by the defendants which called for less air space than that required by the State Housing Act. [Stats. 1923, p. 781.] The position of the defendants is that inasmuch as the lot upon which the apartment house was being erected ran from a main street to a public alley one-half of the width of the alley should be taken in the estimate of air space for the building and that the plans accordingly met all the requirements of the statute.

On the hearing in the court below the plaintiffs offered evidence showing that the plans had been approved by the defendants and that the amount of air space provided (not including the public alley) was 366 square feet. Evidence was also offered by the plaintiffs to show that the members of the Board of Public Works believed that the plans and specifications fully complied with the demand of the statute. No evidence was offered by the defendants and the matter was submitted on the showing above noted. Judgment went for the defendants, from which the plaintiffs have appealed on typewritten records.

[1] The judgment must be sustained on the ground that the appellants failed to prove two of the essential elements in an application for the extraordinary relief of *mandamus* —that they were the parties beneficially interested, and that they had no other plain, speedy, or adequate remedy in the ordinary course of law. (Code Civ. Proc., sec. 1086.) [2] The interest of the appellants was denied by the respondents in their answer and this was not countervailed by proof "either in direct denial or by way of avoidance." (Code Civ. Proc., sec. 1091; 16 Cal. Jur., pp. 868, 869, sec.

66.) If the appellants were parties beneficially interested who claimed that the construction of the building involved some private right, it follows as of course that they had their legal remedy by direct action against those erecting the building.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.